Our second case for argument, please. Yes, Your Honor. Case number 19-3541 from the Southern District of Iowa, Benjamin Langford v. United States. We'll hear from Ms. Jansen. Good morning, Your Honors, and may it please the Court. It's my privilege to be with you this afternoon representing Mr. Langford in his continued quest to be relieved from his mandatory life sentence under the Strike Statute 18 U.S.C. Section 3559-C. This Court has very clearly set forth the law that governs Mr. Langford's Section 2255 petition. Under Walker and its progeny, he bears the burden of proving that the sentencing judge, more likely than not, relied on the residual clause in 3559-CF2 to conclude that one or more of his prior convictions qualified as a serious violent felony. Now, in this case, Mr. Langford has only two potential prior strikes, and so that means that if he satisfies his burden on either of his prior convictions, either the 1975 robbery or the 1989 robbery, his mandatory sentence of life, according to this Court's Walker decision and Golenvoe, is, quote, both in excess of the statutory maximum that applies to his bank robbery conviction, which would be 25 years under 2113 A&E, and the sentence was imposed in violation of the Constitution. And in that situation, 2255 relief is required unless the error is harmless. Now, in my argument today, while we do maintain that both convictions are defective as predicates, I'd like to focus primarily on the 1975 conviction, because I think that is certainly the more problematic of the two and has a few less concerns with some relevant Eighth Circuit case law. But of course, I'd be happy to answer questions about that, the 1989 conviction, if the Court has questions on that topic. So, according to Walker, the first step we need to take is to decide whether Judge Longstaff, more likely than not, found that Mr. Langford's prior robberies were qualifying offenses under the residual clause. And I think that Mr. Langford clearly established this burden, and he established it because there are at least two cases. Mr. Langford's sentencing was in 2005. In 1996, the Eighth Circuit decided United States versus Farmer. Now, the government relies very heavily on Farmer to say, well, it's just as likely that the district court relied on the force clause for both of these robberies as it is that it relied on the residual clause. And of course, we know that if it's just as likely, then Mr. Langford hasn't carried the burden. But I think the government seriously misreads Farmer. Farmer talked about Hobbs Act robbery, and regarding Hobbs Act robbery, the Court found that it did qualify under the force clause. But what's important to note is that even with that statement, the Court emphasized that the statute contained a component about force, physical force, targeted at the person of another. In fact, the Farmer Court actually recognized that there's ways that you can commit Hobbs Act robbery that aren't going to be a serious violent felony. But Mr. Farmer committed his robbery in a violent way, and therefore the Court found didn't do the breakdown of the Hobbs Act robbery. Now, one of Mr. Farmer's predicates was Iowa robbery. And on that point, the Court only said, and I quote, oh, I'm sorry, I lost my quote. The Court only said regarding Iowa robbery, we have no doubt it would qualify under Section 2 as crimes that in their nature involve a substantial risk of physical injury. It is binding case law that told Judge Longstaff in 2005 that he had to apply the residual clause. Now, there is no binding case law saying the opposite. There's no binding case law that Judge Longstaff had to apply the force clause to the 1975 statute, and there's no binding case law that says he had to apply the enumerated clause. Now, bolstering this conclusion, just a couple of years later, is United States versus Green. And ironically, this is another case that the government relies on. Before you leave, Farmer, and this may be what you're getting at, but the second of the two convictions, I think it was 1989 conviction, Farmer dealt with that statute, the Iowa robbery statute was the latter of the two statutes. You had mentioned at the very beginning, you're not focusing on the later conviction because of issues under our precedent. Do you think Farmer is controlling on that second conviction because it dealt with that precise conviction? Or would you argue that it is not controlling? And if not, why? Sure. Actually, Your Honor, I would argue that Farmer is not controlling as to the latter conviction, and that's simply because of the way that the court conducted the analysis. The only analysis about the Hobbs Act robbery, which is, as I explained, is arguably incorrect when we apply a proper categorical analysis, that argument was about the Hobbs Act robbery. The court then kind of made this very general statement about the same statute would be the 1989 one from Ms. Langford, saying that, well, you know, just like we said about Hobbs Act robbery, that probably applies, but, you know, we don't have any problem saying that for sure it's under the residual clause. So I don't think if you look carefully at the court's holding in Farmer, that it said as a matter of law that Mr. Langford's 1989 conviction necessarily qualifies under the first clause. It didn't say that it talked about the residual clause and to the extent that it did say that, I think it's dicta on the issue of of the Iowa statute, particularly when you look at the way that the court analyzed that that topic on the Hobbs robbery statute. So coming back to the United States versus Greens, we have this Farmer case that tells Judge Longstaff at the time of sentencing that 1975 Iowa robbery and 1989 Iowa robbery, arguably, of course, are qualifying offenses under the residual clause. Now, we move forward two years, the United States versus Green 1998. The court was looking at a Missouri second degree robbery statute that they say is the government says is very similar to the 1975 statute. Now, it is similar to the extent that the court said that the language on the face of the statute forcibly steals does not obviously require that use threatened use or actually is a physical force. But there was another statute that says forcibly steals requires the immediate use of physical force against the person of another. We do not have anything like that in regard to the 1975 Iowa statute. Physical force, putting in fear under the Iowa statute does not require physical force. It's a common law term and the government tries to say that that's just like intimidation, but but it's not. It simply does not implicate the same kind of thing. If I say to your honor, what about the Iowa master's case, the I was Supreme Court's master's case. What do you say to that? Your honor, if you could, I don't have that on my list of keys. Could you perhaps give me just a little more detail about the question you're asking? Well, it says that it talks about simple robbery and it talks about the elements and it quotes the very force or violence or putting in fear and acts like that requires force. Sure, okay, well, a threat of force. Go ahead. You bet. So threat of force. What what the as described language in the enumerated clause of 3559 C has in common. All of those statutes that are described, they all require force or violence or intimidation. Of course, this court has said repeatedly that intimidation is threat of force. So inherently, that as described language implies these underlying predicate statutes have to have force, violence or threat of force. Now, putting in fear is a common law term, and it's a common law term that Congress did not import into 3559 C. And in fact, the Carter case, the government sites in his brief actually says that if the court wanted to apply one of this statute, the mandatory life, the worst possible punishment under the statute to apply to garden variety, common law robbery, all it had to do was say robbery. And in fact, if you look at all of the offenses listed in that statute, they're all very, very serious. So back to your honors question regarding masters. I think that when the court is considering this statute, it's going to have to have the as described language, and that's what really differentiates this statute from all of the other ones that this court has considered because none of the other statutes that we've dealt with 924 C and and the ACCA, none of those have that limiting language as described and in fact, if you look at all of the offenses listed in that statute, they're all very, very serious. So back to your honors question regarding masters. I think that when the court kind of says, well, even it generally applies that you can go even farther back than that to 1898. And the court says, sure, the Iowa Supreme Court, your honor, says most Iowa robbery is going to be let me interrupt you again. I went down to Iowa. Now let's go to the Supreme Court. The Supreme Court stokeling case has putting in fear right there. How do you respond to the Supreme Court stokeling? It says use of force, violence, assault, or putting in fear. Yes, your honor. And the way that I respond to that is our statute. The as described language does not use putting in that language is in there. The as described monstrous statutes use force or violence or intimidation. Putting in fear is not one of the choices. And that's because as a common law principle, putting in fear includes in particularly under Iowa law, and I've cited some cases on this point, putting in fear can be accomplished by a threat of non physical activity against an intangible entity. It can be accomplished by a threat of physical force against an entity, whether it's against the interest or against the property of another and 3550 90 requires physical force against the person of another. So I think that's the distinguished with with stoking your honor. The other thing I would note about stoking is that the Florida statute at issue in stoking it use the language force, violence, assault, or putting in fear, but there was Florida case law that said physical force, physical force sufficient to overcome the victims resistance is required. There is no case law in Iowa saying that physical force is required to put someone in here in order to accomplish that 1975 robbery. I walked up to your honors and I said, your honor, give me your wallet, or I'm going to call the police and report you for assault. I have not threatened any physical violence against you. I've threatened non tangible interest. Same thing. Give me your wallet or I'll kill your dog or I'll smash your house. I've threatened physical force, but not against the person of another. And so there's many ways in which the statute can be violated. And I do think that Mr Langford has adequately carried his burden to show that he's entitled to really. Well, how do you have you have case law in Iowa? But one of the things that struck me is I didn't find any cases where it was a threat to property or a non non physical threat that resulted in in a conviction under the statute. So I wonder if it's really a realistic probability that would be applied in this in this way. Well, your honor, I don't think that the realistic probability test applies. I mean, before we ever even get to the realistic probability, we just look at the plain language. And the realistic probability comes from the fact that putting in fear is a common law term that the Iowa legislature pulled into its authority. And so if you go back and you look at those cases that I did cite from Iowa, and I have them here somewhere, the one specifically that talked about a threat to your legal interest, etc. Clearly, the Iowa common law incorporated this notion that putting in fear doesn't have to be physical, and it doesn't have to be against a person absent. So in that regard, your honor, I just don't think we need a case that specifically shows it because the case law as a whole shows that this common law principle. Do I hear you saying that there isn't a case, or at least you couldn't find a case? I understand your argument is you don't need a case. But am I correct to say that you don't have a case? I have not found a specific Iowa case under the 1975 statute that says precisely that. But as I said, I do rely on the entirety of the common law. The fact that that term was incorporated in the statute is reflective of the common law. And I just don't think we need it. I'd save the remainder of my time for rebuttal. Very well. Thank you, Ms. Jansen. Quote here from Mr. Esley. Thank you, Your Honor. Before I begin, I'm going to warn the court. My computer will not allow me currently to pin multiple images, and so I only have the timer currently visible. And so if I interrupt anybody, apologies in advance. May it please the court. This court should affirm the district court's denial of Mr. Lankford's motion pursuant to Title 28 United States Code Section 2255 because Mr. Lankford has failed to show that his sentence was violative of the Constitution or in excess of that, the maximum authorized by law. As an initial matter, the government agrees with Mr. Lankford that the mode of analysis is derived from Walker and its progeny and that it should be applied in this context under the three strike laws. I'm going to spend the bulk of my time today on the enumerated clauses and discuss why both of Mr. Lankford's robbery convictions qualify as serious violent felonies, both at the time he was sentenced in January 2005 and still today. Before I do that, though, I do want to point out just one or two things about Mr. Lankford's argument about whether putting in fear requires physical force or the threat of physical force against a person as opposed to property. First of all, the government cited and I believe quoted State v. Lewis. That's a case from the Iowa Supreme Court where the Iowa Supreme Court said, and I quote, the force and robbery is that necessary to overcome resistance or overcome the person robbed. And thus, that would seem to be consistent with the Supreme Court's statements in Stokely. Moreover, going to Judge Strauss's question there at the end about whether Mr. Lankford has shown a realistic probability that the law would be applied in a manner such that you could put a person in fear of their property or some other interest other than their body itself. The only case Mr. Lankford cites on that point is an 1898 case that counsel referenced a moment ago by the year 1898. That case is called Kennedy v. Roberts. It's cited at page 21 of Mr. Lankford's principal brief. And that case did not concern the robbery statute in any way whatsoever. It was a case concerned with contractual duress. And in that case, the court was considering whether a threat to charge somebody or report somebody to law enforcement could be perceived as contractual duress. Obviously, that's not the same thing as robbery, and it's not the same thing as what the Iowa robbery statutes require. And thus, it is the government's position that that case says very little, if anything, about the force necessary under the Iowa robbery statutes. With that, I'll turn to the enumerated crime clause. And I'll start with Mr. Lankford's 1989 conviction pursuant to the 1987 version of the Iowa robbery statutes. And I'll start with discussing why it satisfied the enumerated crime clause at the time he was sentenced. Mr. Esselstyn, if I can interrupt for just one second and ask kind of a preliminary question. Is the government conceding that the residual clause of 3559C is unconstitutional? We are, Your Honor. As discussed in both Mr. Lankford and the government's 28J letters last week, it is now the government's position that the residual clause in section 3559C2F2 is unconstitutional. However, this court need not decide that issue. As we said in our brief, this case can be resolved simply by assuming the unconstitutionality of the statute, because either way, Mr. Lankford cannot show here that he is entitled to relief. Turning to his 1989 conviction for robbery in the first degree, as Judge Strauss pointed out, the Farmer case concerned an identical version of the Iowa robbery statutes. And in Farmer, Mr. Lankford is correct that Farmer does make a statement about the residual clause. But I'm going to quote as well from Farmer before saying anything about the residual clause. And this is specific to the Iowa robbery conviction at issue in Farmer. The court said that the conviction was a serious violent felony, as well as another murder conviction that was at issue. And the court said robbery qualifies, and I quote, because robbery is specifically listed as a predicate felony in section 3559C2F1. Well, counsel, I actually have concerns. I mean, I understand strictly reading that, you know, it sounds like they are holding that, they are holding it. But this is pre-Mathis, pre-Discamps. I mean, Taylor had barely been decided by the time that case was decided. I don't see anywhere at all where that opinion gets into the categorical approach or talks about other crimes that could come about. And so maybe you could make the argument that it's an uphill battle. What's your response to that? So I think the response is twofold, Your Honor. And first, I'm going to just finish my point really quickly and then I'll return to your question. First, I did want to point out that the court does seem to be making an alternative holiness to the residual clause. The court said, quote, further, we have no doubt, end quote, that the Iowa robbery conviction also satisfies the residual clause. Turning back to your question, Judge Strauss, one, there were several courts, including this court in 2016 in House and also the 11th Circuit in Rosario Delgado, which is cited in the government's brief. Both of those cases cite Farmer for the proposition that robbery satisfies the enumerated crimes clause. Moreover, although the depth of analysis in Farmer could be disputed, the district court at the time of sentencing before the camps before Mathis had no choice but to follow the law that Farmer laid down, which was. I don't disagree with that, but I got to say, I mean, to say it can be disputed is a little generous to the Farmer court. It literally is one concludes three sentence when it comes to the enumerated offense clause. Do you read it differently than I do? I don't, Your Honor. I would say, though, in the earlier portions of the opinion, when the court was discussing Hobbs Act robbery and discussing whether Hobbs Act robbery requires an element of force, the court did go into some deeper analysis there. And I think that deeper analysis contextualizes perhaps some of the lack of analysis later in the opinion. It seemed to be that the court was to an extent did not want to repeat any of the prior statements that it made. However, I do not dispute what the point you're making, which is that Farmer was sparse. However, Farmer was fairly consistent with the other cases in existence at that time. If you look at the government's cases, including Monroe from the Ninth Circuit, Rosario Delgado, again from the Eleventh Circuit, the Washington case from the Seventh Circuit, where Judge Easterbrook said robbery quote automatically meets the definition of serious violent felony because it satisfies the enumerated clause. None of those cases really applied an in-depth analysis or really went through the categorical approach. The same thing goes for the Wicks case, which is another Seventh Circuit case cited by Mr. Langford. In that case, the Seventh Circuit didn't apply the categorical approach and said simply that robbery, quote, no matter what the name and no matter where they occur, counts as a predicate under the enumerated crime clause. Well, doesn't that feed my argument, though? We now know that's wrong. I mean, that that analysis or I understand completely that that's how it was done in the 1990s. But doesn't that suggest now that we know those cases were wrong because that's just not how the analysis is conducted post-math as these other cases? I don't think they're wrong, Your Honor, to the extent that the enumerated clause, even under today's law, still encapsulates Mr. Langford's convictions. And I'll speak to that in a moment. But to the extent they may be wrong under today's law, that's not the analysis that this court has said it's going to apply in the first kind of area of of the Walker analysis. And in that prong of the analysis, the court is to to know whether at the time of sentencing, the the movement has established that he is entitled to relief. And so viewing the relevant legal environment at sentencing, there's nothing to suggest that the court would have felt that Farmer was in any way inconsistent with Taylor or or 3559 itself. Thank you for that clarification. That's helpful. And for that reason, Your Honor, and all reasons I've discussed already, I think at the time of sentencing, Farmer would have been controlling and binding on the district court. And for that reason, he cannot show that his 1989 conviction is was not a serious violent felony under the enumerated clause at that time. Now, turning to his 1975 robbery with aggravation conviction, it is the government's position not that Farmer is automatically controlling as to that conviction, because as I said, the Farmer case concerned an identical version of the 1987 robbery statutes, not the 1975. However, Farmer and all of the cases cited in the government's brief indicate that the enumerated clause was the path of least analytical resistance and that it's likely having concluded that the 1989 conviction satisfied the enumerated cause that the district court reached the same conclusion on the 1975 conviction. The same goes for the fact that in Stokelyn, the Supreme Court pointed out that between 31 and 43 states essentially had robbery statutes that were similar to the 1975 version of the robbery statutes. And so if the district court would have conducted and completed the categorical approach, it may have turned to those statutes to conclude that Iowa's 1975 robbery statute also matched up with the generic offensive robbery. This court can end its analysis there, because at the time of sentencing, Mr. Lankford's convictions fell within the enumerated clause of section 3559c2f1. An alternative holding, however, is that even under today's law, Mr. Lankford's convictions fall within the enumerated clause, and thus any error by the sentencing court would be harmless. Farmer is still good law, although as Judge Strauss pointed out, it does have its flaws. But even if this court were to conduct the categorical approach, Mr. Lankford's convictions still fall within the enumerated clause. Now, Mr. Lankford in his brief cites to Harper and Estelle and also the Fourth Circuit's of McNeill to claim that the generic offensive robbery requires use of some degree of force, and particularly an egregious amount of force. However, this court in Harper and Estelle and also the Fourth Circuit in McNeill were not analyzing enumerated crimes clauses at all. They were analyzing force clauses in the career offender guideline and in Title 18 United States Code section 924c. And so those cases are in opposite to this situation. Instead, this court, as the district court did, should first look to United States versus House and also to Judge Benton's opinion in Stovall. And in those cases, House and Stovall, this court defined generic robbery as the misappropriation of property under circumstances posing, quote, an immediate danger to the person. House itself concerned section 3559. Stovall concerned the career offender guideline, but both were deciding whether statutes fell within the enumerated crimes clause. Can I ask you about House? One of the things I found curious about House is, at least in the three strikes law, we have a very specific definition that cross-references federal crime. The generic definition that House gives seems to be divorced from the language of those three statutes. There seems to be a different definition that's common to those three statutes. What do we do with that? It just seems it's not clear what House is getting at, I guess. As an initial matter, I understand it may be an unsatisfactory answer, is the panel is bound by I hope is more satisfactory. House, I think, was taking into account that language from those statutes that taking in section 2111, 2113, and 2118 be accomplished by forced violence or intimidation. I think all of that can be read to mean a situation that places the victim in immediate danger. Although I do not have an opportunity to cross-reference the materials House cited, I know Judge Murphy in that case cited Tula Fave. I know other courts, including the Fifth, Eleventh, and Ninth Circuit have reached similar pronouncements of the generic definition of robbery. I think this court can be confident that that is the correct definition of robbery, even for purposes of section 3559. Quickly, I'll say why these statutes fall within the generic definition. Both of these statutes have two elements that pose an immediate danger to the victim. The 1975 statute requires both taking by force, violence or putting in fear, and also while defendant was armed with intent if resisted to maim or kill. The same thing goes for the 1987 version of the Iowa robbery statutes. The defendant must assault, seriously injure, or commit a forcible felony against the victim and be armed with a dangerous weapon or seriously injure the victim. And as the Masters case that Judge Benton was discussing a moment ago says, to establish Iowa robbery with aggravation under the 1975 statutes or robbery in the first degree under the 1987 statutes, you've got to prove both of those dangerous elements. Now quickly, I'll just point out that Mr. Lankford cites to this court's opinion and Dobbs to say that robbery must be especially egregious. For one, Dobbs was a 2006 case. It would not be applicable to the relevant legal background at the time of sentencing. And moreover, it does not impact the holdings of House or Stovall. It was concerned with an Illinois burglary statute, not a robbery statute. And if there are no questions, the government will rest. Very well. Thank you, Mr. Essley. Ms. Jansen, your rebuttal. Your microphone is muted. My apologies, Your Honor. I find it very interesting that Mr. Essley referred to the path of least analytical resistance, that at the time that Mr. Lankford was sentenced, you know, the case law, the judge could have just looked at and it said he could rely on the enumerated offense with a forced clause. How would any defendant ever satisfy his burden to meet 2255 if we allow that particular level of analysis? I'm not allowed to use the path of least analytical resistance, and I would say that neither is he. Regarding State v. Miller, I would just like to read a quote. In our opinion, the force and violence required to constitute a crime of robbery must be designed to overcome resistance. Now, as Mr. Essley pointed out, yes, that's consistent with Stoeckling. But notice what's missing there. The force and violence required for robbery. Well, the 1975 statute requires force or violence or putting in fear. And that very same case, State v. Miller, refers to this. It says, if there be no resistance, but to prevent or overcome resistance to the taking, and in most cases to operate upon or against the person. So right there, even State v. Miller recognizes that the force doesn't need to be targeted at a person. It can be property or intangibles. And I believe that that satisfies Mr. Langford's burden. Very well. Thank you, Ms. Jansen and Mr. Essley. We appreciate your appearance today and briefing. Case is submitted and we will decide it in